UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20032-TP-MOORE/TORRES

UNITED STATES OF AMERICA

v.

EFREM LAMAR HOLLOWAY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court upon Defendant Effrem Lamar Holloway's Motion for Modification and/or Clarification of Conditions of Supervised Release [D.E. 7] and the Petition for Violation of Supervised Release [D.E. 8], which matters were referred to the undersigned for hearing or Report and Recommendation. Upon review of the record and the parties' arguments during a status conference on these matters held November 9, 2011, we hereby Recommend that the Motion for Modification and the Petition be Denied as moot.

    1.    The pending Petition arises from Defendant's alleged violation of an obligation to reside and participate in a Residential Reentry Center, as Ordered by the Court on June 23, 2011 [D.E. 5], following his unsuccessful discharge from that center on August 26, 2011. The original Petition that sought a Residential Reentry Center condition was based upon Defendant's failure to comply with the employment condition of his supervised release. The parties do not dispute that Defendant entered the

Reentry Center but was able to obtain employment with assistance from the probation officer shortly thereafter. The parties also do not dispute that once that occurred the Reentry Center demanded financial contribution for his room and board, which Defendant refused based upon his family obligations, at which point he was discharged from the Center. It is also undisputed that the Defendant is continuing to maintain his employment status in compliance with the conditions of his supervised release, and further that there have been no other violations except for the dispute regarding the discharge from the Reentry Center.

     2.    Before the pending Petition was filed, Defendant though counsel filed the pending Motion to Modify the Conditions of Release that sought to vacate the Court's June 23rd Reentry Center Order based upon Defendant's changed circumstances; namely, the Defendant's newly obtained employment. The pending Petition was filed shortly thereafter.

     3.    The government concludes that the pending Motion to Modify is now moot because the government and probation officer are no longer seeking Defendant's participation in the Residential Reentry Center program. The government also concedes that the pending relief in the Petition (electronic monitoring) is also moot as no such relief is being sought at this point. The government takes the position, however, that the Petition should still be adjudicated given Defendant's technical violation of the Court's June 23rd Order, for which the government seeks an assessment of community service in lieu of payment to the Reentry Center.

4.      Defendant seeks for the Court to grant his Motion to Modify nunc pro tunc and for the Petition to be Denied as moot, given Defendant's actions in obtaining and maintaining employment and the absence of any other violations of supervised release.

5.      As there is no factual dispute in the record, a further evidentiary hearing on the pending Petition is unnecessary. The matter may now be resolved on the existing record.

6.      The Court recommends that the Motion to Modify be Granted to relieve Defendant from the continuing obligation to participate in the Residential Reentry Center program. The Court further recommends that the pending Petition be Dismissed as moot given Defendant's curative efforts at compliance with the conditions of supervised release, and most importantly given that the relief sought in the Petition is admittedly moot. The Court finally recommends that the government's request for assessment of community service or payment of the outstanding financial obligations to the Reentry Center be Denied without prejudice to reconsideration in the event that Defendant fails to comply with the existing conditions of supervised release.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 14th day of November, 2011.

          /s/ *Edwin G. Torres*
          EDWIN G. TORRES
          United States Magistrate Judge